Filed 8/26/21  P. v. Allen CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARCELLOUS LEWIS ALLEN,<br><br>        Defendant and Appellant. | A159380<br><br><br>(Contra Costa County<br>Super. Ct. No. 05-080493-0) |

        This is an appeal from a trial court order denying defendant Marcellous Lewis Allen's petition for resentencing pursuant to Penal Code section 1170.95,[1] a provision that allows a person convicted of murder under now invalidated theories of accomplice liability to seek resentencing (hereinafter, petition).  (See Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437).)  Defendant contends, and the People concede, the trial court applied the wrong standard of proof when denying his petition without issuing an order to show cause or affording him a hearing on the pertinent issue of whether he could have been convicted of murder under sections 188 and 189 as modified by SB 1437.  We agree and reverse, remanding to the trial court for further proceedings consistent with the opinion reached herein.

_____

        [1] Unless otherwise stated all statutory citations are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

We rely on the record of defendant's conviction, including our prior nonpublished decision affirming his conviction (*People v. Allen* (July 30, 2012, A128830)), to review the order denying his petition. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972 ["parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under [section 1170.95,] subdivision (c)"].) In the name of judicial efficiency, we focus only on those facts relevant to this appeal and refer the reader to our prior decision for a more complete recitation of the factual and procedural background of this case.

On March 4, 2010, defendant, a minor at least age 16, and two codefendants, Dion Lee Williams and Christian Latimore, were charged by amended information with one count of murder (§ 187, subd. (a)) and one count of robbery (§§ 211, 212.5, subd. (c)). In addition, defendant alone was charged with one count of possessing an assault weapon (§ 12280, subd. (b)). As to the murder and robbery counts, it was alleged defendant personally used and discharged a weapon, under former section 12022.53, subdivisions (b), (c), and (d).

On April 1, 2010, the jury found defendant guilty of the three counts but found not true the allegation that he personally used and discharged a weapon during the commission of the murder and robbery. (*People v. Allen, supra*, A128830, at p. 5.) Defendant received a 25 years to life sentence for murder, a concurrent three-year term for robbery, and a concurrent two-year term for possession of an assault weapon. This judgment was affirmed on appeal. (*People v. Allen, supra*, A128830, at p. 19.)

On January 8, 2019, defendant filed his petition for resentencing pursuant to section 1170.95, and on March 5, 2019, the court appointed

2

counsel to represent him. The People opposed the petition, arguing (inter alia) that defendant was the actual killer and therefore ineligible for relief.

On October 4, 2019, the trial court issued its order summarily denying defendant's petition without a hearing. Relevant here, the court found "based on evidence of reasonable and credible value, a reasonable trier of fact could reach a guilty verdict on a charge of first degree murder in the commission of a robbery under the new law on the basis that [defendant] was a major participant in the felony and acted with reckless indifference to human life."

On October 22, 2019, defendant timely appealed.

## DISCUSSION

Defendant contends on appeal the trial court misapplied section 1170.95, subdivision (c) when denying his resentencing petition without issuing an order to show cause or holding an evidentiary hearing. The People agree, acknowledging the trial court erroneously reviewed the record for substantial evidence rather than simply determining whether he made a prima facie case.

The parties are correct. To make a prima facie showing, a petitioner, in his or her petition, must attest under penalty of perjury that he or she is eligible for relief under section 1170.95, based on three prerequisites: (1) "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine"; (2) "[t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder"; and (3) "[t]he petitioner

3

could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made *a prima facie showing that the petitioner falls within the provisions of this section*. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes *a prima facie showing that he or she is entitled to relief*, the court shall issue an order to show cause." (Italics added.)

"Once the trial court issues the order to show cause under section 1170.95(c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd. (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).) Notably, following the issuance of an order to show cause, the burden of proof will shift to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)" (*People v. Drayton* (2020) 47 Cal.App.5th 965, 981 (*Drayton*).)

The California Supreme Court recently interpreted section 1170.95, subdivision (c) to require the petitioner to first make "a single prima facie showing." If made, the trial court must issue an order to show cause, appoint counsel if requested, and allow the parties to submit briefing on whether the petitioner is entitled to statutory relief. (*People v. Lewis, supra*, 11 Cal.5th at p. 962; see *People v. Cooper* (2020) 54 Cal.App.5th 106, 114 ["if the defendant is entitled to relief, the court recalls the sentence, vacates the murder

4

conviction and any accompanying enhancements, and resentences the defendant. (§ 1170.95, subd. (d).)"].) The court explained that "the first sentence provides the rule: the court reviews the petition to determine 'if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.' (§ 1170.95, subd. (c).) The last sentence describes what the court shall do if a petitioner makes a prima facie showing, namely, issue an order to show cause." (*People v. Lewis, supra*, at p. 962.)

Relevant here, the court also held: "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' (*Drayton, supra*, 47 Cal.App.5th at p. 978, quoting Cal. Rules of Court, rule 4.551(c)(1).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, at p. 978, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456 [41 Cal.Rptr.2d 695, 895 P.2d 936].) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' (*Drayton*, at p. 979, quoting *Serrano*, at p. 456.)" (*People v. Lewis, supra*, 11 Cal.5th at p. 972.)

In this case, the trial court correctly found that defendant made a prima facie showing that (1) the prosecution proceeded at trial under a murder theory based on felony murder and (2) he was convicted of first

5

degree murder. (§ 1170.95, subd. (a)(1)–(2).) The trial court erred, however, in finding that defendant failed to make a prima facie showing that "[he] could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) As the People concede, defendant's petition contains assertions that if accepted as true prove he could not be convicted of first or second degree murder as the law stands today. (See § 1170, subd. (c).)

Briefly, the record[2] reflects that on the day of the murder, defendant, codefendants Latimore and Williams, and Raymond Richards were driving around in a borrowed car with the stated intention of robbing someone. After targeting the victim (Chang), Williams stayed in the car as the designated getaway driver. Defendant, Latimore and Richards exited and surrounded Chang, who was rinsing out a bucket on the sidewalk. Defendant, displaying an assault pistol, demanded that Chang hand over his belongings. Chang put his hands up, and Latimore and Richards rifled through his pockets. However, when Richards tried to remove Chang's wallet, Chang resisted. Defendant responded by hitting Chang on the head with the pistol, causing it to discharge. As Latimore retreated to the car, he heard two more gunshots. Once defendant returned to the car, Latimore angrily accused defendant of almost shooting him during the robbery. Defendant responded that the gun discharged accidentally and that Chang " 'made me shoot him.' "[3] (*People v. Allen, supra*, A128830, at p. 4.)

---

[2] Williams and Latimore testified at trial for the prosecution in exchange for a plea deal. (*People v. Allen, supra*, A128830, at p. 3.)

[3] A firearms test conducted during the police investigation established that defendant's gun fired the bullet and two casings found at the murder scene. (*People v. Allen, supra*, A128830, at p. 3.)

6

At trial, consistent with this evidence, the jury was instructed on two theories of first degree murder—deliberate and premeditated murder (CALJIC No. 8.20) and first degree felony murder (CALJIC No. 8.21). (*People v. Allen, supra*, A128830, at p. 14, fn. 9.) As to the latter, the jury was instructed, " 'The unlawful killing of a human being, *whether intentional, unintentional or accidental*, which occurs during the commission or attempted commission of the crime of Robbery is murder of the first degree when the perpetrator had the specific intent to commit that crime."[4] (*People v. Allen, supra*, A128830, at p. 14, fn. 9, italics added.) The jury was also instructed that defendant could be found guilty as a principal in the commission of murder either as a direct perpetrator of the murder or as an aider and abettor (CALJIC Nos. 3.00, 3.01). (*People v. Allen, supra*, A128830, at p. 15 & fns. 10–11.) During deliberations, the jury asked the following question of the trial court: " 'Is it possible to find [defendant] guilty of robbery and not guilty of first degree murder? Specifically, if we believe Allen was not holding the gun, but was present at the robbery, is he guilty of 1st degree murder?' " (*People v. Allen, supra*, A128830, at p. 14.) The court responded: " 'If you find beyond a reasonable doubt that Mr. Allen participated in the robbery as a perpetrator or as an aider and abettor as defined in CALJIC Instructions number 3.00 and 3.01, then you should

---

[4] The first degree felony murder instruction given by the trial court was as follows: " 'The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs during the commission or attempted commission of the crime of Robbery is murder of the first degree when the perpetrator had the specific intent to commit that crime. [¶] The specific intent to commit Robbery and the commission or attempted commission of that crime must be proved beyond a reasonable doubt. [¶] In law, a killing occurs during the commission or attempted commission of a felony, so long as the fatal blow is struck during its course, even if death does not then result.' " (*People v. Allen, supra*, A128830, at p. 14, fn. 9.)

decide whether the felony murder rule would apply as described in CALJIC Instruction number 8.21. If you have a reasonable doubt whether Mr. Allen is a perpetrator or aided and abetted the robbery, then he would not be liable under the felony murder rule. Please review these instructions in connection with CALJIC 2.90 and all of the other instructions I have given you.' " (*People v. Allen, supra*, A128830, at p. 15, fns. omitted.)

As this record reflects, based on the evidence and instructions, the jury could have found defendant guilty of murder as an aider and abettor to a felony murder with robbery as the predicate crime notwithstanding the fact that he did not harbor the intent to kill or act with reckless indifference to human life.[5] Under SB 1437, this murder theory is no longer valid. (See § 189, subd. (e) [requiring the defendant to be the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life].)

In its order summarily denying defendant's petition, the trial court found that "a reasonable trier of fact could reach a guilty verdict on a charge of first degree murder in the commission of a robbery under the new law on the basis that Allen was a major participant in the felony and acted with reckless indifference to human life," and that he "acted with 'reckless disregard for human life' in that he 'knowingly engaging [*sic*] in [a] criminal activit[y] known to carry a grave risk of death.' " The court relied on the same evidence, described *ante*, that defendant approached Chang, demanded that he hand over his possessions while displaying an assault weapon, and, when Chang resisted, hit him in the head with the weapon, causing it to discharge. In doing so, the trial court improperly weighed disputed evidence

---

[5] As stated, the jury found not true the allegation that defendant personally discharged a firearm.

in the form of his accomplices' testimony relating to defendant's state of mind and degree of participation in the robbery.  This was erroneous.  So long as defendant's proffered evidence could support a finding that he was not a major participant and lacked the requisite mens rea, the court should have issued an order to show cause and scheduled an evidentiary hearing, without weighing the evidence.  (*People v. Lewis, supra*, 11 Cal.5th at pp. 971–972.) Defendant's proffered evidence does indeed support such finding, as a reasonable trier of fact could have found that he acted without the requisite mens rea when his gun accidentally discharged.[6]

Accordingly, because the trial court erred by denying defendant's petition without issuing an order to show cause or holding an evidentiary hearing to adjudicate whether he is entitled to relief (§ 1170.95, subds. (c), (d)), we reverse and remand the matter for further proceedings.

## DISPOSITION

The trial court order denying defendant's petition for resentencing under section 1170.95 is reversed.  The matter is remanded with instructions to the trial court to issue an order to show cause and to hold an evidentiary hearing to adjudicate whether defendant is entitled to section 1170.95 relief.

---

[6] We make no prediction as to whether defendant will prevail in his request for resentencing after an evidentiary hearing.

9

                                _____

                                Jackson, J.

WE CONCUR:

_____

Petrou, Acting P. J.

_____

Chou, J.*

A159380/*People v. Marcellous Lewis Allen*

---

\* Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.